## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Patricia Knight, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:07cv384 (JCC/TRJ)** |
| | ) | |
| Lt. Barlow, et al., | ) | |
| Defendants. | ) | |

OCT - 2 2007

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### MEMORANDUM OPINION

Patricia Knight, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C.

§ 1983, alleging that Lt. Barlow, Superintendent of the Piedmont Regional Jail, and jail physician

"Dr. Tony"[1] failed to take her to an "outside doctor" for treatment of her high blood pressure. On

April 11, 2007, this action was transferred from the United States District Court for the Western

District of Virginia. On August 2, 2007, defendants filed a Motion to Dismiss, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. Defendants served plaintiff with their Motion to

Dismiss, Memorandum in support of that Motion, and notice pursuant to Local Civil Rule 7(K) and

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has not responded to defendants'

Motion to Dismiss. For the reasons that follow, defendants' Motion to Dismiss will be granted.

### I. Background

Plaintiff was incarcerated at the Piedmont Regional Jail in 2005 and 2006. Plaintiff alleges

---

[1] Although plaintiff named "Dr. Tony" as a defendant in this case, she spells his name "Dr. Toney" in the exhibits accompanying the complaint. Moreover, defendants represent that the doctor's name is spelled "Toney." Accordingly, the Clerk will be directed to correct the spelling of Dr. Toney's name.

that she was "dealing with high blood pressure [that] kept getting higher" in April 2005. Compl. 4.[2]

Plaintiff complains that she was not taken to an "outside doctor" and suffered a "slight stroke"[3] at

some unidentified point in time. Id. Plaintiff also alleges that her "C3 and C4 disc[s]" were later

removed from her spine at some unidentified point in time and that she was told by an unidentified

person that she was to have a "kneel replace [sic]." Id.

Plaintiff filed seven grievances concerning her medical treatment between June 27, 2005 and

April 13, 2006. According to the Piedmont Regional Jail medical grievance forms, defendant

Barlow reviews all medical grievances. In the June 27, 2005 grievance, plaintiff complained that

her leg was hurting and noted that she was scheduled for surgery. The June 29, 2005 response stated

that plaintiff was scheduled to see the "facility" physician. On July 15, 2005, plaintiff requested to

have her "blood" checked "on the streets." No response appears on the July 15 grievance form. On

July 24, 2005, plaintiff complained of chest pain. The July 25 response stated that plaintiff was seen

by an unidentified nurse and would be evaluated by the jail's physician that day. On July 25, 2007,

plaintiff complained of headaches and noted that she had seen Dr. Toney on July 24 and that Toney

had ordered "them to do blood work [and] monitor [plaintiff's] blood pressure." The July 28

response notes that plaintiff was scheduled to have blood drawn and undergo a repeat blood pressure

---

[2] Plaintiff submitted several copies of her claims to the United States District Court for the Western District of Virginia. However, plaintiff did not affix her original signature to all of the complaint copies, as required by Rule 11(a) of the Federal Rules of Civil Procedure. On the signature line of the complaint naming "Barlow" and "Tony" as defendants, plaintiff placed the following symbol: "+." Plaintiff placed that symbol on the signature line in the presence of a witness and a notary public.

[3] Plaintiff, however, does not allege or adduce any facts suggesting that she was ever diagnosed as having suffered a stroke. Her conclusory assertion, seemingly a self-diagnosis, is insufficient to establish that she actually suffered a stroke. See e.g., Custer v. Sweeny, 89 F.3d 1156, 1163 (4th Cir. 1996) (affirming dismissal of action "replete" with conclusory assertions).

"check" on July 29. On August 17, 2005, plaintiff noted that she had seen Dr. Toney five times and that there was "nothing he [could] do for [her]." Plaintiff filed another grievance on August 24, 2005, in which she complained that her legs were swollen and hurting "real bad." On April 13, 2006, plaintiff complained that she could not hold things with her hands for a long period of time. She also claimed that she had asked about her legs, but received "no results." No responses appear on the August 17, 2005, August 24, 2005, and April 13, 2006 grievance forms.

Plaintiff filed the instant complaint, which was transferred to this Court from the United States District Court for the Western District of Virginia on April 18, 2007. Liberally construed, plaintiff alleges that defendant Barlow was unresponsive to her grievances[4] and that defendants Barlow and Toney failed to provide her with adequate medical care. She seeks $100,000.00 in damages.

## II. Standard of Review

Federal Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss claims based upon dispositive issues of law. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In considering a motion to dismiss, the court presumes that all factual allegations in the complaint are true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994). See also Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978), cert. denied, 446 U.S. 928 (1980). The court will not accept as true "conclusory allegations regarding the legal effect of the facts alleged." Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). Nor will the court develop

---

[4] Inmates, however, have "no [constitutional] entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citations omitted).

tangential claims when the essence of the complaint concerns another issue. Beaudett v. Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).  However, a pro se complaint must not be dismissed under Rule 12(b)(6) for failing to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (internal quotations omitted).

### III. Analysis

1. Exhaustion

In prisoner suits challenging conditions of confinement, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006) requiring complete exhaustion of correctional facility administrative remedies).  To satisfy § 1997e(a)'s requirement of exhaustion, a prisoner must give her correctional institution a "full opportunity to consider the grievance," by complying with the institution's procedural requirements for filing grievances. Woodford, 126 S.Ct. at 2389 (finding a grievance unexhausted if the prisoner did not comply with the institution's procedural requirements).

Defendants do not allege that, and it is equally unclear whether plaintiff complied with, the Piedmont Regional Jail's procedural requirements for submitting medical grievances.  Moreover, outside of plaintiff's conclusory statements that nothing was "done" concerning her medical complaints, the record is silent on the issue of whether defendant Barlow ever reviewed the July 17, 2005, August 17, 2005, August 24, 2005, and April 13, 2006 grievances. The record is equally silent

4

on the issue of whether plaintiff properly presented her medical complaints in accordance with the procedural requirements of the Piedmont Regional Jail medical grievance procedure. Defendants have provided no affidavits or other prison records from the parties involved that would shed additional light on either the medical grievance process at Piedmont Regional Jail or whether plaintiff properly exhausted her administrative remedies. Therefore, the Court will consider plaintiff's claims on the merits, without deciding whether she properly exhausted her administrative remedies under 42 U.S.C. § 1997e(a).

2. Merits

Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Under this standard, a prisoner must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege indifference to that serious medical need.

For this second prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement

5

with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, "[a] complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

Assuming, without deciding, that plaintiff suffered from a sufficiently serious medical need, she has neither alleged nor adduced anything suggesting that the named defendants were deliberately indifferent to her medical needs. Plaintiff's own exhibits establish that she was examined at least once by a nurse and at least five times by Dr. Toney, and that Dr. Toney monitored plaintiff's blood and blood pressure. At best, plaintiff has alleged and established nothing more than her disagreement and dissatisfaction with jail medical personnel over their provision of services, inability to conclusively diagnose and treat her conditions, and decision to refrain from sending her to an "outside" doctor for monitoring and treatment. Such disagreement, however, is insufficient to state a cause of action under the Eighth Amendment. See Wright, 766 F.2d at 849; Russell, 528 F.2d at 319; Harris, 761 F.Supp. at 414. Moreover, to the extent that plaintiff's claims amount to an allegation that Dr. Toney failed to treat all of her medical problems, even if that failure amounted to medical malpractice, she has still failed to state an Eighth Amendment claim. Peterson v. Davis, 551 F.Supp. 137, 146 (D.Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984); see Miltier, 896 F.2d at

851 ("[M]ere negligence or malpractice does not violate the [E]ighth Amendment."); <u>Russell</u>, 528 F.2d at 318.

Moreover, as to defendant Barlow, defendants correctly argue that supervisory officials cannot be held liable in a § 1983 action under a theory of <u>respondeat superior</u>. A proper § 1983 medical claim against supervisory defendants must demonstrate that "(1) the supervisory defendant[] failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." <u>Miltier</u>, 896 F.2d at 854 (internal citations omitted); <u>see also</u> <u>Slakan v. Porter</u>, 737 F.2d 368, 372-73 (4th Cir. 1984) (noting that supervisory liability is premised on a recognition that supervisory "indifference" or "tacit authorization" of subordinates' misconduct may be a "causitive factor" in alleged constitutional injuries inflicted on prison inmates).

Although it appears from the Piedmont Jail's medical grievance forms that defendant Barlow was responsible for their review, plaintiff has failed to allege or adduce any facts suggesting either that Barlow himself was responsible for the provision of plaintiff's medical care or that his alleged failure to respond to the medical grievances resulted in a delay or denial of care. Moreover, plaintiff has failed to allege or adduce facts suggesting that defendant Barlow in any way interfered with jail medical personnel in the performance of their duties or was otherwise deliberately indifferent to her medical needs. Accordingly, plaintiff has failed to state a claim against the defendants, and their Motion to Dismiss will be granted.[5]

---

[5] Because defendants prevail on the merits, the Court declines to address any issues of qualified immunity. <u>See</u> <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999) (establishing a two-prong qualified immunity test, whereby a court must first determine whether the plaintiff has alleged an

An appropriate Order and judgment shall issue.

Entered this ___2nd___ day of ___October___ 2007.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

_____

actual constitutional deprivation); see also Siegert v. Gilley, 500 U.S. 226, 232 (1991).

8